UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                        Plaintiff

v.                                                                    Criminal Action No. 3:21-CR-44-RGJ-CHL

JAVONTE GRANT,                                                                                 Defendants
BRANDON WASHINGTON

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Javonte Grant ("Grant") moves to sever from his co-defendant Brandon Washington ("Washington"). [DE 83]. Washington adopted and joined in the motion [DE 84],[1] and the United States Responded. [DE 86]. An in-person hearing was held on this matter on June 9, 2022, during which Counsel advised the Court that Grant still wished to exercise his right to a speedy trial and that Counsel did not reach an agreement on a trial date. The Court also entertained oral arguments on the motion to sever at the hearing.

**BACKGROUND**

The background has been previously set forth in this Court's order on suppression of evidence [DE 61] and is incorporated.

**STANDARD**

Federal Rule of Criminal Procedure 14 ("Rule 14") governs the severance of defendants. Rule 14 provides that if the proper joinder of defendants "appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed.

---

[1] Washington's motion contains no independent reasons for severance, and the Court notes that a codefendant's speedy trial clock is not a valid reason for severance. *See United States v. Mithavayani*, No. 6:17-CV-25-REW-HAI, 2018 WL 4959632, at *5 (E.D. Ky. Oct. 15, 2018) (speculative delay to a codefendant's speedy trial clock does not rise to the level of prejudice necessary to sever).

1

R. Crim. P. 14(a); *see also United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007). In order to prevail on a Rule 14 motion for severance, a defendant must show "compelling, specific, and actual prejudice." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (internal quotation marks and citations omitted). Such prejudice must consist of a "serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The defendant bears the burden of proving prejudice. *United States v. Smith*, 138 F. App'x 775, 781 (6th Cir. 2005). Weighed against the possible remedy of severance is the Supreme Court's admonition that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro*, 506 U.S. at 537. Severance is discretionary, as "[t]he resolution of a Rule 14 motion is left to the sound discretion of the trial court." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006).

## DISCUSSION

Grant and Washington argue that the Court should sever their trials because of Grant's speedy trial rights under 18 U.S.C. § 3161 and the Sixth Amendment. [DE 83 at 347]. They argue that Washington is not in custody, and "therefore, does not have the same urgency as Grant to resolve his case." [*Id.* at 349].

Defendants make no separate arguments about Grant's Sixth Amendment right to a speedy trial a basis for severance, and the Court thus considers them together. "[I]t will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated." *United States v. DeJesus*, 887 F.2d 114, 116 n.1 (6th Cir. 1989) (quotations omitted).

The Speedy Trial Act mandates that a defendant be brought to trial within seventy days of filing or public notice of "the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). There are many provisions in the Speedy Trial Act that prevent the seventy-day period from running. The filing of a pretrial motion stops the clock "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *See* § 3161(h)(1)(D). When "multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002). Thus, "the excludable delay of one defendant is ascribed to that of all of his co-defendants." *Id.* at 776–777. Additionally, if a district court finds that the "ends of justice" are served by excluding the delay attendant to a continuance, that delay is excludable so long as the district court sets forth its reasons for finding that the ends of justice require the exclusion of that time. § 3161(h)(7)(A). Before granting an ends-of-justice continuance, "a district court should weigh factors such as whether a miscarriage of justice could result, the complexity of the case and time needed for preparation, and the continuity of counsel." *United States v. Richardson*, 681 F.3d 736, 738 (6th Cir. 2012) (citing 18 U.S.C. § 3161(h)(7)(B)).

Grant's speedy trial clock has neither run—nor has he asserted such or provided a speedy trial calculation to the Court. Rather, he has "advised the Court that he intended to exercise his right to a speedy trial." [DE 83 at 348]. The Court has calculated that Grant's speedy trial clock tolls on July 14, 2022, not considering the Motion to Sever or the continuance[2] requested by

---

[2] At the May 31, 2022 hearing, Washington's counsel requested and voluntarily excluded a 30-day continuance with 14 days for a reply from the United States for additional motion practice before trial.

Washington's counsel on May 31, 2022, when Grant asserted his right to a speedy trial.[3] At the May 31 hearing, the Court initially offered a trial date in October or September of this year, settling on September 26, 2022 based on Counsel's availability. After Grant declined to exclude the time from his speedy trial clock, the Court offered June 20 for a trial date.[4] The Court held another hearing on the matter on June 9 and offered to set trial in this matter for September 6. Defendants' argument appears to be that Grant would be prejudiced by going to trial on September 6, 2022 rather than by July 14, 2022. [*Id.* at 348-50].

Defendants cite *United States v. Poulsen* in support of their contention that severance is appropriate here. *United States v. Poulsen*, No. CR2-06-129, 2008 WL 77745, at *1 (S.D. Ohio

---

[3] The Court calculated the July 14, 2022 date as follows:
  A. Grant's Speedy Trial Clock began to run on May 11, 2021 under 18 U.S.C. § 3161(b), when his Indictment was returned [DE 31];
  B. The Period from May 19, 2021 – May 24, 2021 is excludable for the District Court's Consideration of co-defendant Mr. Washington's Motion to Modify Conditions of Release [DE 34; DE 37]
  C. June 2, 2021 is excluded for Mr. Grant's appearance before the Court on Arraignment [DE 41]
  D. June 8, 2021 is excluded for Mr. Washington's appearance before the Court on Arraignment [DE 43]
  E. The Period from June 14, 2021 – July 1, 2021 is excludable for the District Court's Consideration of Mr. Grant's Motion to Revoke Detention Order [DE 45; DE 50]
  F. The Period from July 1, 2021 – August 17, 2021 is excludable without objection by Mr. Grant as serving the ends of justice [DE 46]
  G. The Period from August 17, 2021 – October 25, 2021 is excludable for the District Court's Consideration of Mr. Grant's Motion to Suppress [DE 51; 61]
  H. The Period from October 25, 2021 – December 7, 2021 is excludable without objection by Mr. Grant as serving the ends of justice [DE 60]
  I. The Period from December 7, 2021 – January 5, 2021 is excludable without objection by Mr. Grant as serving the ends of justice [DE 62]
  J. The Period from January 5, 2022 – February 2, 2022 is excludable without objection by Mr. Grant as serving the ends of justice [DE 64]
  K. The Period from February 2, 2022 – May 31, 2021 is excludable for the District Court's Consideration of Mr. Grant's Motion to Suppress [DE 65; DE 70; DE 81]

After calculating the appropriate periods of exclusion, (34 days are subtracted between May 11, 2021, and June 14, 2021, with six days added for Washington's Motion to Modify, one day for Grant's appearance, and one day for Washington's appearance), forty-four days remain on Mr. Grant's Speedy Trial Act clock (beginning May 31, 2021). Forty-four days from May 31, 2022 is July 14, 2022.

[4] Grant's counsel advised the Court that this date conflicted with a state court trial date that, as of the date of this Order, he had been unable to resolve.

Jan. 4, 2008); [DE 83 at 349-50]. In an opinion after trial, the court in *Poulsen* explained why it severed the trials: "Poulsen was therefore severed to ensure that the other Defendants were not prejudiced at trial by his alleged obstruction activities." *United States v. Poulsen*, 568 F. Supp. 2d 885, 927 (S.D. Ohio 2008), *aff'd in part, rev'd in part sub nom. United States v. Ayers*, 386 F. App'x 558 (6th Cir. 2010). That type of prejudice would not result to either defendant here as neither defendant is alleged to have engaged in obstructionist activities.

Defendants also cite *United States v. Byrd*, 466 F. Supp. 2d 550, 551–53 (S.D.N.Y. 2006). In *Byrd*, the court granted a defendant's motion for severance, brought specifically on speedy-trial grounds, where one of his codefendants would face the death penalty and "the case may not be brought to trial until years after the indictment." *Id.* But here, Grant faces a delay of a month and a half from his individual speedy trial calculation, rather than months or years. The delay here is significantly shorter than in *Byrd* and does not result in any prejudice.

Defendants finally cite *United States v. Horne*, No. IP-05-32-CR-1H/F, 2005 WL 1476204, at *1 (S.D. Ind. June 14, 2005). As defendants argue, in *Horne*, the district court denied the United States' motion to continue a trial date because of defendants' speedy trial date and the court's previous postponement of trial, although the denial meant multiple trials were likely necessary. *Id.* The court in *Horne* relied on other reasoning as well, however. The United States in *Horne* moved to continue to seek another indictment, after indicting the wrong person, and after additional delay attributable to the United States. *Id.* Further, all defense counsel (for currently indicted defendants) in that case were ready for trial. *Id.* Notably, in *Horne*, the court was considering a motion to continue, rather than a motion to sever. Thus, the court was not considering prejudice. *Id.* at 1–2. Regardless, in comparison, Grant's trial has been previously postponed and he has asserted his speedy trial rights, but *Horne* is otherwise distinguishable. Here,

there is little delay specifically attributable to the United States; for example, the only time the Court excluded for considering a motion by the United States is when they filed a motion to extend time to file the indictment, which occurred before Grant's speedy trial clock began to run. [DE 23]. Additionally, Washington's counsel is newly added—his initial counsel passed away, the Court appointed a federal defender, who was removed as Washington has recently retained current counsel—and the Court has granted a final continuance for motion practice. Washington's counsel is still preparing for and thus not ready for trial. Similarly, because Grant did not assert his intention to exercise his right to a speedy trial until the hearing on May 31, 2022, neither Grant's counsel nor the United States has completed final pretrial motion practice.[5] Furthermore, the United States is not seeking a motion to continue here so that it can seek another indictment.

       The Court has regularly conducted status conferences to aid the progress of this case. Grant has regularly agreed to exclude that time for purposes of the Speedy Trial Act. While there has been a delay, the delay is justified as multiple proceedings have been conducted and motions filed, several initiated by Grant, to further prepare this case for trial. Grant has made "no showing that" the joint trial would "prejudice[] his case." *United States v. Logan*, 187 F.3d 639, 16 (6th Cir. 1999) (holding that district court did not abuse discretion in denying defendant's motion to sever for violating speedy-trial rights after co-defendant obtained four-month continuance for their joint trial). Thus, severance is not justified on speedy trial grounds.

---

[5] At the hearing on June 9, 2022, both Grant's counsel and the United States informed the Court that they intend to file motions in limine.

Therefore, as Grant and Washington have not met their burden of showing the prejudice necessary to sever, the Court **DENIES** Grant and Washington's Motion to Sever [DE 83].[6]

## CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

1) Grant and Washington's Motion to Sever [DE 83] is **DENIED**; and

2) Washington's Motion to Adopt [DE 84] is **GRANTED**.

Rebecca Grady Jennings, District Judge
United States District Court

June 10, 2022

Cc: Counsel of record

---

[6] The Court notes that, having previously granted the continuance requested by Washington's counsel on May 31, 2022 to file additional motions before trial set for September 6, 2022, [DE 85], this time is now excludable under Grant's Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(a): "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel." *United States v. Silvers*, No. 5:18-CR-00050-TBR, 2021 WL 4594669, at *1 (W.D. Ky. Oct. 6, 2021).