UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA     Plaintiff

v.     Criminal Action No. 3:21-CR-44-RGJ-CHL

JAVONTE GRANT     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Javonte Grant ("Grant") moves to exclude prior felony knowledge and evidence [DE 95], and to sever counts or bifurcate [DE 96]. The United States responded to each motion. [DE 102; 103]. The United States moved in limine to exclude potential Giglio evidence. [DE 97]. Grant responded. [DE 104]. These matters are ripe. For the reasons below, Grant's Motion to Exclude [DE 95] is **GRANTED in part**, Grant's Motion to Sever Counts or Bifurcate [DE 96] is **GRANTED**, and the United States' Motion in Limine to Exclude Potential *Giglio* Evidence [DE 97] is **GRANTED in part** and **DENIED in part**.

**BACKGROUND**

The factual background previously set forth in this Court's orders [DE 61; DE 107] is incorporated by reference. Relevant facts for each motion are discussed below.

**STANDARD**

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence in limine pursuant to their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). That said, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber*

1

*Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Bouchard v. Am. Home Prod. Corp.*, 213 F. Supp. 2d 802, 810 (N.D. Ohio 2002) (citing *Luce*, 469 U.S. at 41 n. 4). This posture is favored so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). When this Court issues a ruling in limine, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd,* 469 U.S. 38 (1984)). Thus, even where a motion in limine is denied, the Court may return to its ruling at trial "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239). Likewise, the Court has discretion to alter or amend an in limine ruling at trial. *Luce*, 469 U.S. at 41–42.

## DISCUSSION

### I. Grant's Motion to Exclude [DE 95] and Grant's Motion to Sever Counts or Bifurcate [DE 96].

Grant moves to stipulate "to his status as a person with prior felony convictions, to exclude any testimony or reference to the officers' prior knowledge of Mr. Grant, and to exclude any details of any prior felony convictions." [DE 95 at 477]. Grant also moves to sever Counts 3, 5, and 6, charging him with possession of ammunition and a firearm by a felon, arguing the joinder of these charges would unduly prejudice him at trial. [DE 96 at 480]. The United States objects to severance because the charges were properly joined, the evidence of the offenses are inextricably intertwined, and because Grant failed to show actual prejudice. [DE 102 at 532-36]. The United States does not object to Grant's stipulation or to excluding the name and nature of his felony offenses. [DE 103 at 537].

### i. Background

Grant is charged with one count of possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) ("Count 1"), two counts of possession of ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(l), 924(a)(2) ("Counts 3 and 6"), one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(l), 924(a)(2) ("Count 5"), and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 7"). [DE 27].

### ii. Standard

Federal Rules of Criminal Procedure 8 and 14 govern the joinder and severance of defendants in an indictment, respectively. Rule 14 provides that if the proper joinder of defendants under Rule 8 "appears to prejudice a defendant . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a); *see also United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007).

A defendant is prejudiced "if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense." *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982). "A jury is presumed capable of giving separate consideration to each count, and any potential prejudice from joinder of offenses may be minimized or cured by a limiting instruction to the jury." *United States v. Penney*, No. 1:04-CR-36, 2005 WL 1668292, at *1 (E.D. Tenn. July 18, 2005) (citing *United States v. Cline*, 362 F.3d 343, 349–50 (6th Cir. 2004)); *see also United States v. Harvey*, 653 F.3d 388, 396 (6th Cir. 2011) (noting that "[j]urors are presumed to follow instructions"). Thus, "[a] request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the

appropriate defendants." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (citation and internal quotation marks omitted). But "absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (*citing United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985)). The defendant bears the burden of proving prejudice. *United States v. Smith*, 138 F. App'x 775, 781 (6th Cir. 2005) (*citing United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004), *cert. granted, judgment vacated,* 543 U.S. 1182 (2005)). "Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Ross*, 703 F.3d 856, 884 (6th Cir. 2012) (quoting *Zafiro v. United States*, 506 U.S. 534 (1993)). "The resolution of a Rule 14 motion is left to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *Hang Le-Thy Tran*, 433 F.3d at 478 (citing *United States v. McCoy*, 848 F.2d 743, 744 (6th Cir. 1988)).

    *iii.    Analysis*

Grant does not argue that the charges are not sufficiently related or improperly joined under Rule 8 or that there is any specific prejudice here. Rather, he "objects [because] [s]uch information would be unduly prejudicial [as] the jurors' knowledge of Mr. Grant's prior conviction could change the outcome of the case against Mr. Grant unfairly." [DE 96 at 480]. Even so, the Court notes the appropriateness of the joinder of the charges. The Sixth Circuit has recognized "the efficiency of joining firearm and drug charges when the face of the indictment shows that the charges are sufficiently connected temporally or logically to support the conclusion that the two crimes are part of the same transaction or plan," *United States v. Smith*, 656 F. App'x 70, 73 (6th Cir. 2016), "as when guns are used in connection with the drug offense or when both guns and drugs are uncovered in the same search," *United States v. Chavis*, 296 F.3d 450, 459 (6th Cir.

4

2002) (emphasis added) (citing *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987)). Here, the indictment charges Grant with Counts 3, 5, and 6, possession of ammunition and a firearm. He is also charged with Count 1, possession with intent to distribute methamphetamine, and Count 7, possession of a firearm in furtherance of drug trafficking. Thus, the nexus between the charges suffices under the Sixth Circuit's standards. *See Chavis*, 296 F.3d at 459–60 (collecting cases of firearms tried with drug charges); *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001); *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995); *Gorecki*, 813 F.2d at 42; *United States v. Valentine*, 706 F.2d 282, 289 (10th Cir. 1983).

*United States v. Smith* discussed the efficiency of joining firearm and drug charges and stated that "although elucidating a defendant's past crimes carries prejudicial potential," severance of the felon in possession charge from the drug related charge in that case was unnecessary, as the Sixth Circuit previously "acknowledged the curative effects of stipulations and limiting instructions." *Smith*, 656 F. App'x at 73. In *Smith*, the defendant "stipulated to his prior felony, and the district court cautioned the jury to consider the charges separately, which minimized the possibility of prejudice." *Id.* The court found that "the jury must be presumed capable of sorting out the evidence and considering the cases of each defendant separately . . . the district court quelled any potential prejudice by instructing the jury to consider the charges separately." *Id.*

Grant requests a separate trial on the felon in possession charges in the case. [DE 96 at 480]. The United States objects because the charges involve overlapping proof, Grant has not shown actual prejudice, and the Court could offer a limiting instruction on his stipulation. [DE 102 at 532-36]. Granting a bifurcated trial on the felon in possession charges, while discretionary, is appropriate because "separating the trial of the felon-in-possession count from that of the drug-trafficking charges would be only a minor burden on the public [since i]t would not take much

time to present the evidence of the felon in possession count to the same jury after they reach a verdict on the other counts." *United States v. Brewer*, No. 3:17-CR-37-DJH, 2018 WL 616145, at *4 (W.D. Ky. Jan. 29, 2018) (internal citations omitted); *see also United States v. Robinson*, No. 3:15-CR-96-TBR, 2016 WL 3748520, at *2 (W.D. Ky. July 8, 2016). That is especially true here, when evidence of a prior felony is prejudicial and the defendant has agreed to stipulate to the fact that he was a felon at the time of the alleged offense. *See Robinson*, 2016 WL 3748520; [DE 96].

Thus, the Court **GRANTS** Grant's Motion to Sever [DE 96] to the extent is seeks to bifurcate the trial but **DENIES** the Motion to the extent it seeks a separate trial. Thus, the jury will hear evidence in two phases. In the first phase, the jury will hear facts about the alleged presence of the ammunition and firearm as well as any evidence related to Counts 1 and 7. But the jury will not be informed of the felon in possession counts or hear Grant's stipulation to his status as a felon until a verdict has been returned on the remainder of the Indictment. At that point, the Court will read Grant's stipulation as to his status as a felon.

As for Grant's motion to exclude reference to his prior felony [DE 95], the United States also stated at the August 4, 2022 hearing it would instruct its witnesses "not to testify to having prior legal dealings with Mr. Grant," who will instead say they are familiar with Grant without referencing prior legal proceedings. [08/04/2022 Hearing Transcript 28:10-14]. But the United States also argues that law enforcement will need to testify about Grant's prior felony to explain why they were monitoring Grant's social media and went to the gun range, and so the felony is thus inextricably intertwined with the rest of the proof. [DE 103 at 537-40; Hearing Transcript 28:10-29:17]. However, the Court has granted the Motion to Sever, and will not read the stipulation until after the first phase of evidence, as described above. There would be no reason to bifurcate the trial if the Court allowed witnesses to reference Grant's felony conviction during the

first phase. Instead, allowing the United States to reference a felony conviction during the first phase would be unduly prejudicial, as it could cause the jury to base its decision on something other than the evidence and would not prove any element of Counts 1 or 7. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice' speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground difference from proof specific to the offense charged."); *United States v. Barker*, 1 F.3d 957, 959 (9th Cir. 1993), *opinion amended on denial of reh'g*, 20 F.3d 365 (9th Cir. 1994) ("Evidence is prejudicial only when it has an additional effect on a defendant beyond tending to prove the fact or issue that justified its admission. A prior conviction is not prejudicial when it is an element of the charged crime."); *and Robinson*, 2016 WL 3748520, at *2 ("there is a real possible prejudice in the jury knowing that [defendant] is a convicted felon.").

Thus, the Court **GRANTS in part** Grant's Motion to Exclude [DE 95], and the United States may not introduce evidence or testimony relating to Grant's felony in the first phase of evidence. The Court will read Grant's stipulation as to his felony to the jury in the second phase.

### II.   The United States' Motion in Limine to Exclude Potential *Giglio* Evidence [DE 97].

The United States moves to exclude "potential Giglio evidence of [FBI] Special Agent Todd Brown." [DE 97 at 848]. Specifically, the United States seeks to exclude a Magistrate Judge's adopted report and recommendation that found, in an unrelated matter, "Defendants satisfied the first half of the *Franks* test due to sufficient evidence of false or misleading statements" in one of Special Agent Brown's wiretap affidavits. [*Id.* at 484-85]. The United States argues that this extrinsic evidence about Agent Brown's testimony evidence should be excluded under Federal Rule of Evidence 608(b) as extrinsic evidence or alternatively 403 as unfairly

7

prejudicial, confusing, or misleading. [*Id.* at 484-87]. Grant argues that the evidence should be admitted because it goes to Agent Brown's character for truthfulness. [DE 104 at 543].

    *i.*    *Background*

In an unrelated matter, United States Magistrate Judge Colin H. Lindsay issued a report and recommendation ("*Jones* Report"). [DE 97-1]. The *Jones* Report found, in one of Special Agent Brown's wiretap affidavits in that case, that the defendants "made a substantial preliminary showing accompanied by an offer of proof sufficient to meet their burden under the first half of the *Franks* standard." [DE 97 at 484; DE 97-1 at 499]. The District Court, adopting the Report ("*Jones* Order"), stated that it "properly found that the Defendants satisfied the first half of the *Franks* test due to sufficient evidence of false or misleading statements regarding the use of confidential sources." [DE 97 at 485; DE 97-2 at 509]. Ultimately both the *Jones* Report and Order concluded that no evidentiary hearing was warranted under the second part of the *Franks* test. [97 at 485; DE 97-1 at 499; 97-2 at 541].

In a second unrelated matter ("*Wood*"), another District excluded the *Jones* Report and Order and ordered that witnesses would not be subject to cross-examination regarding the documents or their contents. [DE 97 at 485; DE 97-3 at 518].

    *ii.*    *Standard*

The Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Federal Rule of Evidence 608(b) ("Rule 608(b)") excludes extrinsic evidence offered "to prove specific instances of a witness's conduct in order to attack or support the witness's character

for truthfulness." Rule 608(b). "But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of [] the witness." *Id.* "In other words, while such specific instances of conduct can be inquired into on cross-examination, the questioning party is effectively 'stuck with the response given on cross-examination.'" *Steeg v. Vilsack*, No. 5:13-CV-00086-TBR, 2016 WL 6471098, at *3 (W.D. Ky. Oct. 28, 2016) (citing *United States v. Frost*, 914 F.2d 756, 767 (6th Cir. 1990)).

Rule 608(b)'s prohibition on extrinsic evidence is "designed to prevent distracting mini-trials on collateral matters." *Boggs v. Collins*, 226 F.3d 728, 744 (6th Cir. 2000). "Rule 608(b) places 'within the discretion of the trial court' whether to permit cross-examination about specific conduct that may be probative of a witness' truthfulness or lack thereof." *United States v. Richardson*, 793 F.3d 612 (6th Cir, 2015) [1] (citing *Boggs*, 226 F.3d at 744). *See also McKenzie*, 2022 WL 1744500, at *3.

### iii. Analysis

The United States argues that the *Jones* Report and Order should be excluded under Rule 608(b) because they are extrinsic evidence and would regardless be unduly prejudicial. [DE 97 at 484-87]. The United States points to *Richardson* and the district court's decision in *Wood* relying on *Richardson*. Grant argues that, since Special Agent Brown's statements in the warrant affidavit were false or misleading and made under oath, as the *Jones* Report and Order find, they should be admitted, and Grant's counsel should be allowed to cross-examine him with the prior false statements. [DE 104 at 542-43].

---

[1] *Richardson* was vacated on other grounds, unrelated to anything discussed in this order. *Richardson v. United States*, 139 S. Ct. 2713 (2019); *see also United States v. McKenzie*, No. 21-3587, 2022 WL 1744500 (6th Cir. May 31, 2022).

The court in *Wood* followed *Richardson*, and entirely prohibited the introduction of the *Jones* Report and Order, and any cross-examination. [DE 97-3 at 516-18]; *Richardson*, 793 F.3d at 612–28. But *Wood* was decided in 2021 without the benefit of the 2022 *McKenzie* case which Grant cites. In *McKenzie*, the United States "sought to 'prevent cross-examination by . . . referencing testimony from [an earlier case].'" *McKenzie*, 2022 WL 1744500, at *3. The lower court held "that McKenzie couldn't 'use the opinion and what the court said in there as extrinsic evidence to impeach.'" *Id.* (cleaned up). The Sixth Circuit ultimately held: "[t]he district court properly applied Rule 608(b). It excluded extrinsic evidence [the court opinion] but allowed McKenzie to cross-examine Sergeant Johnson about his prior testimony. A district court doesn't abuse its discretion by correctly applying the law." *Id.*

The United States accurately notes that in the *Jones* Report, "the Magistrate Judge made a finding that could call into question the credibility of SA Brown, who was the affiant in a Tile III Wiretap affidavit." [DE 97 at 484]. The finding in the *Jones* Report, under the *Franks* standard, was a finding that the defendants 'made a substantial preliminary showing that the affiant made a false statement knowingly and intentionally or with reckless disregard for the truth;' or that the affiant made a "potentially false statement." [DE 97-1 at 495, 499]. Because of this finding, the documents are relevant to Special Agent Brown's character for truthfulness—but they are still extrinsic evidence as defined under Rule 608(b). *See McKenzie*, 2022 WL 1744500, at *3. Therefore, the documents themselves—the *Jones* Report and Order—should and will be excluded, as they are extrinsic evidence; Grant may, however, cross-examine Special Agent Brown about any prior statements made under oath in the warrant affidavit. *See McKenzie*, 2022 WL 1744500, at *3 (finding lower court properly excluded extrinsic evidence of court's opinion and allowed cross-examination about prior testimony); *see also United States v. Jones*, 889 F.3d 876, 880 (7th

10

Cir. 2018) (finding a judicial determination questioning the credibility of a witness was only admissible under Rule 608(b) if it included a determination that the witness lied); *and Boggs*, 226 F.3d at 736 (district court has "discretion to limit the scope of cross-examination."). Grant may also impeach Special Agent Brown with any prior inconsistent statements in the warrant affidavit. *See United States v. McKenzie*, No. 1:20-CR-22, 2021 WL 698614, at *1 (N.D. Ohio Feb. 23, 2021), *aff'd,* No. 21-3587, 2022 WL 1744500 (6th Cir. May 31, 2022). Thus, the United States' Motion in Limine to Exclude Potential *Giglio* Evidence [DE 97] is **GRANTED in part** and **DENIED in part.**

## CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

1) Grant's Motion to Exclude [DE 95] is **GRANTED in part;**

2) Grant's Motion to Sever Counts or Bifurcate [DE 96] is **GRANTED;** and

3) the United States' Motion in Limine to Exclude Potential *Giglio* Evidence [DE 97] is **GRANTED in part** and **DENIED in part**.

Rebecca Grady Jennings, District Judge
United States District Court

August 29, 2022

Cc:     Counsel of record

11